**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn A. Hamilton,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-14-8117-PCT-GMS<br><br>**ORDER** |

Pending before the Court are Petitioner Shawn A. Hamilton's Petition for Writ of Habeas Corpus (Doc. 1) and United States Magistrate Judge David K. Duncan's Report and Recommendation ("R&R"), which recommends that the Court deny the Motion. (Doc. 10.) Because Petitioner filed timely objections to the R&R, the Court will review the Petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For the following reasons, the Court adopts the R&R and denies the Petition.

**BACKGROUND**

On October 22, 2010, Petitioner entered a plea of guilty pursuant to a plea agreement in Mohave County Superior Court to eight counts of burglary in the third degree, two counts of theft, and one count of possession of dangerous drugs. His stipulated guilty plea stated that he may receive a sentence of up to fifteen years in prison. The superior court accepted Petitioner's guilty plea, following a colloquy with Petitioner to assess the voluntariness of his plea, and sentenced him to a total term of imprisonment of fifteen years for all eleven counts.

Petitioner unsuccessfully sought relief through post-conviction proceedings in state court by filing a Notice and Petition in July 2011, which was dismissed for untimeliness. Petitioner commenced the instant action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 3, 2014. (Doc. 1.) The ground for his petition is that his state trial counsel was ineffective for advising Petitioner that he would be sentenced to no more than probation if he pled guilty. Respondents argue that the Petition is untimely and Petitioner's state remedies have been procedurally defaulted. Judge Duncan issued an R&R on May 4, 2015 in which he recommended denial of the Petition with prejudice. (Doc. 10.) Petitioner filed objections to the R&R on May 21, 2015. (Doc. 11.)

**DISCUSSION**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq*. Congress provided a one-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging convictions and sentences rendered by state courts. *Id.* § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

The one-year statute of limitations on habeas petitions begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). For an Arizona, non-capital, pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Arizona Rule of Criminal Procedure 32. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). To bring an of-right proceeding under Rule 32, a pleading defendant must file a notice of his intent to file a Petition for Post-Conviction Review within ninety days of conviction and sentencing. *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)).

1      Petitioner was sentenced on June 4, 2010, and his right to initiate post-conviction proceedings concluded ninety days later, plus five days for mailing, on September 7, 2010. *See* Ariz. R. Crim. P. 1.3, 32.4(a). Petitioner did not, and his time to file a petition for review expired on that date and his convictions became final. Barring any applicable tolling, Petitioner's federal limitations period expired one year later in September 2011.

     Petitioner's federal habeas Petition was not filed until July 3, 2014, and is, therefore, untimely. Petitioner has shown no basis for statutory tolling under 28 U.S.C. § 2244(d)(2); his untimely state court Notice and Petition did not toll the statute of limitations because it was not "properly" filed as required by § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)" (internal quotation marks omitted).); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (holding conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief). Moreover, the Petition does not rely on a new rule of constitutional law made retroactive to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C), nor has Petitioner presented evidence of "extraordinary circumstances" justifying the application of equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Finally, Petitioner makes no claim of actual innocence that might warrant departure from the ordinary statute of limitations.

     Petitioner's reliance on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), is unavailing because *Martinez* does not excuse untimeliness. In *Martinez,* the Supreme Court recognized a narrow means by which a prisoner can show "cause" to excuse a state procedural default of a claim based upon alleged IAC at trial by creating a narrow exception to the well-established rule in *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), that errors committed by an attorney who is not constitutionally guaranteed to the defendant do not constitute cause. *See id.* at 1315. Under *Martinez,* a petitioner may establish cause for the procedural default of a claim of IAC by demonstrating two things: (1) "counsel in the initial-review collateral proceeding, where the claim should have been

1  raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668
2  (1984)"; and (2) "the underlying ineffective-assistance-of-trial-counsel claim is a
3  substantial one, which is to say that the prisoner must demonstrate that the claim has
4  some merit." *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132
5  S.Ct. at 1318). However, *Martinez* does not address or create an exception to the AEDPA
6  statute of limitations. Federal courts have consistently rejected the argument
7  that *Martinez* provides relief for time-barred petitions in the form of equitable tolling of
8  the statute of limitations. *See Chavez v. Sec'y, Fla. Dep't Corr.*, 742 F.3d 940, 945 (11th
9  Cir. 2014) ("Chavez's initial § 2254 petition was dismissed as untimely because it was
10 filed more than one year after his convictions became final on direct review, see 28
11 U.S.C. § 2244(d)(1)(A), and nothing in *Martinez* alters that fact."); *Manning v. Epps*, 688
12 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend statute of limitations period
13 under 28 U.S.C. § 2244(d)(1)(B); *see also White v. Martel,* 601 F.3d 882, 884 (9th Cir.
14 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to
15 the determination of whether a federal habeas petition was barred by the AEDPA statute
16 of limitations). Consequently, the Petition must be dismissed because it is time barred.

## CONCLUSION

Because the Court finds the Petition barred by the statute of limitations, it does not address the issues of IAC or procedural default.

**IT IS THEREFORE ORDERED** that Magistrate Judge Duncan's R&R (Doc. 10) is **ACCEPTED** and Petitioner Hamilton's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

/ / /

/ / /

1  **IT IS FURTHER ORDERED** directing the Clerk of Court is **TERMINATE** this action and enter judgment accordingly.

Dated this 6th day of August, 2015.

_____
Honorable G. Murray Snow
United States District Judge